# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY G. SWEET,

    Plaintiff,

vs.

TRANSAMERICA LIFE INSURANCE COMPANY,

    Defendant.

And Related Counterclaims.

Case No. 2:10-cv-01383-LDG-GWF

**ORDER**

This matter came before the Court for a hearing on Defendant/Counterclaimant Transamerica Life Insurance Company's ("Transamerica") Ex Parte Motion (1) to Enlarge Time to Serve Counterclaim for Interpleader and Declaratory Relief on Counterdefendants Gary Sweet, Megan Hill, and Colin Hill; and (2) to Serve said Counterdefendants by Publication (#52), filed on May 20, 2011.

**BACKGROUND**

By way of this motion, Transamerica requests that the Court grant it additional time to serve three counterdefendants and that it be permitted to serve them by publication. After filing the motion, Transamerica filed a status report indicating that it accomplished service on Counterdefendants Megan Hill and Colin Hill on May 23, 2011. (#57). Transamerica also reported that it had identified an address for Counterdefendant Gary Sweet in Lima, Peru but had not served him. *Id*. On June 14, 2011, the Court held a hearing and granted Transamerica's Motion (#52). The Court now issues this written order.

. . .

. . .

**DISCUSSION**

Transamerica concedes that it did not accomplish service on Megan Hill or Colin Hill within the 120-day time period set forth in Fed. R. Civ. P. 4(m), which provides that a defendant must be served within 120 days after a complaint is filed. Fed. R. Civ. P. 4(m). The rule also provides that if service is not timely made, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*. Nevertheless, "[i]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. As a general matter, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the Rules of Civil Procedure. *See, e.g., Martin v. Longbeach,* 246 F.3d 674 (9th Cir. 2000); *McGuckin v. Smith,* 974 F.2d 1050 (9th Cir. 1992) (*overruled on other grounds by WMX Technologies, Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997)). Here, Transamerica diligently attempted to serve Megan Hill and Colin Hill prior to expiration of Rule 4(m)'s 120-day time period. Transamerica eventually found what it believes to be a viable residence in Katy, Texas and has filed affidavits of service indicating that both Megan Hill and Colin Hill have been served. Neither Megan Hill nor Colin Hill will be prejudiced if the extension is granted.

Further, despite diligent efforts to do so, Transamerica has been unable to accomplish service on Counterdefendant Gary Sweet and requests an order permitting service by publication. In its recently filed status report (#57), Transamerica represents that it recently became aware of an address for Gary Sweet in Lima, Peru that it believes to be current. Federal Rule of Civil Procedure 4(f) governs service on individuals in a foreign country and provides for service as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> (I) delivering a copy of the summons and of the complaint to

2

>>the individual personally; or
>>(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

The rule does not create a hierarchy of preferred methods of service of process. *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

Even if facially permitted, any service under Rule 4(f)(3) must comport with constitutional notions of due process. *Rio Properties*, 284 F.3d at 1016. This requirement is satisfied when the method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1017-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Courts have found that a wide variety of alternative methods of service under 4(f)(3) satisfy this requirement, "including publication, ordinary mail, [and] mail to the defendant's last known address . . ." *Id.* at 1016 (citing *SEC v. Tome,* 833 F.2d 1086, 1094 (2d Cir. 1987) (condoning service of process by publication in the *Int'l Herald Tribune* ); *Levin v. Ruby Trading Corp.*, 248 F.Supp. 537, 541-44 (S.D.N.Y. 1965) (employing service by ordinary mail); *Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir. 1979) (approving service by mail to last known address).

Here, Transamerica has diligently attempted to locate and serve Gary Sweet - even retaining a private investigator to locate Mr. Sweet in Lima, Peru. Given this diligence, the Court finds that there is good cause to permit service pursuant to Rule 4(f)(3). Because Transamerica represents that it believes it has identified a valid address for Mr. Sweet in Peru, the Court will first require Transamerica to send a copy of summons and complaint to Mr. Sweet via certified mail as well as first-class mail to his address in Lima, Peru. Transamerica shall inform the Court within thirty (30) days after mailing whether the summons and complaint has been returned or delivered. Further,

there is no indication service by publication is prohibited by international agreement.[1] Nor is there any indication that service by publication in this matter will not comport with constitutional notions of due process. Thus, if Transamerica is unable to accomplish service by mailing the summons and complaint, the Court authorizes Transamerica to serve Mr. Sweet by publication in the manner set forth below. Accordingly,

**IT IS HEREBY ORDERED** that Transamerica's Ex Parte Motion (1) to Enlarge Time to Serve Counterclaim for Interpleader and Declaratory Relief on Counterdefendants Gary Sweet, Megan Hill, and Colin Hill; and (2) to Serve said Counterdefendants by Publication (#52) is **granted**. Transamerica shall have an additional sixty (60) days to accomplish service measured from May 21, 2011.

**IT IS FURTHER ORDERED** that Transamerica may serve Counterdefendant Gary Sweet by first sending a copy of the summons and complaint via certified mail and first-class mail to Counterdefendant Gary Sweet at his address in Lima, Peru. Transamerica shall submit a status report not later than thirty (30) days after mailing the summons and complaint apprising the Court of the status of service.

**IT IS FURTHER ORDERED** that if Transamerica is unable to accomplish service by sending a copy of the summons and complaint via certified and first-class mail, Transamerica may serve Counterdefendant Gary Sweet by publication by publishing the summons and complaint for four (4) consecutive weeks in a newspaper of general circulation published in Las Vegas, Nevada.

DATED this 29th day of June, 2011.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Both Peru and the United States are signatories to the Inter-American Convention on Letters Rogatory of January 30, 1975, and the Additional Protocol of May 8, 1979. Unlike the Hague Convention, the Inter-American Convention does not provide an exclusive method of effecting service between the signatories. *Kreimerman v. Casa Veerkamp S.A. de C.V.*, 22 F.3d 634, 643-44 (5th Cir.1994).